IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JAMES HARMON, JR.,**

    Petitioner,

vs.
                                      CASE NO. 4:05cv312-MP/WCS

**JAMES McDONOUGH,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION

    This is an amended petition for writ of habeas corpus filed by James Harmon, Jr., pursuant to 28 U.S.C. § 2254. Doc. 12. Petitioner challenges his convictions for armed robbery and first degree murder in the Circuit Court of the Second Judicial Circuit, in and for Gadsden County, Florida, case number 98-728 CFA.

    I initially entered a report and recommendation that the petition be dismissed as untimely prior to service upon Respondent. Doc. 13. At that time, it was unclear as to when Petitioner had filed his Rule 3.850 motion. The report and recommendation considered instead the possibility of tolling activity, including equitable tolling, after the Rule 3.850 motion had been denied by the trial court. Doc. 13, pp. 3-5. On April 21,

2006, the report and recommendation was not adopted based upon Petitioner's objection, doc. 16, and the petition was remanded for further proceedings. Doc. 17.

An order serving the amended petition upon Respondent was not entered until January 31, 2007. Doc. 20. This was prompted by an inquiry as to the status of the case from Petitioner. Doc. 19.

Respondent has filed a response in the form of a motion to dismiss for untimeliness. Doc. 26. Petitioner was permitted to file a reply, doc. 24, but has not done so.

Petitioner's convictions were affirmed on February 27, 2001. Doc. 26, Ex. F; doc. 26-2, p. 32.[1] See, James Harmon v. State, 782 So. 2d 387 (Fla. 1st DCA 2001) (Table).[2] There is a one year limitations period for filing a § 2254 petition, which generally runs from the date on which the judgment at issue became final by conclusion of direct review or the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[3] The 90th day after February 27, 2001, was Memorial Day, Monday,

---

[1] The record is an attachment to document 26 and was assigned exhibit letters by Respondent. The record was filed electronically; that is, the exhibits were electronically scanned and a digital image is available for viewing by computer as document 26-2, with pagination provided by the electronic docket. It is understood that Petitioner does not have access to the electronic docket, so I will first reference the record as it would appear as a paper copy followed by a reference to the electronic docket.

[2] The mandate issued on March 15, 2001. Doc. 62, Ex. F; doc. 26-2, p. 33. The date of the mandate, however, is not the date for commencement of the 90 period to seek certiorari in the United States Supreme Court, as explained ahead.

[3] The limitations period runs from the latest of specified dates. Other possible commencement dates are the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was recognized by the Supreme Court and made retroactive on collateral review; and the

May 28, 2001, so Petitioner's conviction became final on Tuesday, February 29, 2001, his last day to file a petition for writ of certiorari. Clay v. United States, 537 U.S. 522, 123 S.Ct. 1072, 1075, 155 L.Ed.2d 88 (2003) (also noting that the 90 days is counted from the date of the opinion rather than the mandate).[4] The one year AEDPA period for filing a § 2254 petition in this court commenced the next day. Bronaugh v. Ohio, 235 F.3d 280, 285 (6th Cir. 2000) (applying FED.R.CIV.P. 6(a)); Patrick v. McDonough, 2007 WL 3231740, *1, No. 4:06cv543-SPM/WCS, (N.D. Fla. Oct 29, 2007) (citing Bronaugh).

Petitioner filed his initial Rule 3.850 motion (*pro se*) on March 12, 2003, nearly two years after his AEDPA period had commenced. Doc. 62, Ex. G; doc. 62-2, pp. 44 and 49 (date signed). By then, Petitioner's one year AEDPA period for filing a § 2254 petition in this court had expired.

> Under § 2244(d)(2), even "properly filed" state-court petitions must be "pending" in order to toll the limitations period. A state-court petition like Webster's that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.

Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991 (2000).

Petitioner filed his initial § 2254 petition in this court on August 11, 2005 (date signed). Doc. 1. The § 2254 motion, therefore, was not timely filed.

**Conclusion**

---

date on which the factual predicate for the claim could have been discovered by due diligence. § 2244(d)(1)(B)-(D). None of these later dates apply in this case.

[4] The 90 days for seeking certiorari runs from the date of the opinion, not the mandate, or (if a petition for rehearing is timely filed) from the denial of rehearing or (if rehearing is granted) the subsequent entry of judgment. S.CT. RULE 13(3). In computing time, the event that begins the period is excluded, and the last day is included unless it is a Saturday, Sunday, legal holiday, or day on which the court is closed or inaccessible. S.CT. RULE 30(1); FED.R.APP.P. 26(a); FED.R.CIV.P. 6(a).

Accordingly, it is **RECOMMENDED** that Respondent's motion to dismiss, doc. 62, be **GRANTED**, and this 28 U.S.C. § 2254 petition for writ of habeas corpus filed by James Harmon, Jr., challenging convictions for armed robbery with a deadly weapon and first degree murder, in the Circuit Court of the Second Judicial Circuit, in and for Gadsden County, Florida, case number 98-728 CFA, be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on November 19, 2007.

s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**